**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Curtis J. Brown, Sr., #238979,**            ) | Case No. 2:15-cv-4065-PMD-MGB |
|                    **Plaintiff,**      ) | |
| **v.**                                                                    ) | |
|                          )  | **REPORT AND RECOMMENDATION** |
| **United States of America, et al,**      ) | |
|                    **Defendants.**    ) | |
| _____) | |

This case is before the Court for initial review. Plaintiff Curtis J. Brown, Sr. is a state prisoner incarcerated at MacDougall Correctional Institution ("MCI") in South Carolina. He has filed this action *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, with prejudice and without issuance and service of process, for the following reasons:

I. Background

Plaintiff is presently serving state sentences for multiple counts of criminal sexual misconduct, kidnapping, and armed robbery. His current projected release date is March 26, 2047. In his Complaint (with 69 pages of attached documents), he lists ten defendants, as follows: the United States, the US Probation Department, the US District Court, US Appeal Court 4th Circuit, Judge David C. Norton, Magistrate Judge Robert Carr, Circuit Judge Shedd, Circuit Judge Agee, Circuit Judge Duncan, and Patricia Connor (Clerk of Court). (DE# 1). Plaintiff's allegations are difficult to follow, and at times nonsensical, but the gist of the Complaint is that Plaintiff is displeased with his criminal conviction and various rulings on his numerous related lawsuits. He

alleges that he was arrested in 1996 without probable cause, that his "federal probation" was "unlawfully violated," and that various federal officials and judges have "kidnapped" and "conspired" against him. (DE# 1 at 3-6). In his own words, Plaintiff alleges that:

> Petitioner is Filing this lawsuit under Writ of Injunction, and the Federal False Claim Act U.S.C.A. §§ 286, 287, and 28 U.S.C.A. § 2284, § 2282 For a three-Judge Court under Art. III, Nunc pro tunc For the unlawful violation oF (sic) my Federal Probation under U.S. Claims Court 28 U.S.C.A. 1491, et seq. under Color of Office, Material Breach, Breach of Trust, For False imprisonment, False Arrest, kidnapping, lynching, Conspiracy, Fraud, and lack oF (sic) probable, and Forgery of Arrest Warrant, and Framing A Federal Prisoner illegally in Federal Courts by Federal Officials…..

(DE# 1 at 3, with spelling, capitalization, and punctuation as in original).[1] He alleges that he was arrested in 1996 on warrants "without probable cause," that the Public Defender "stole my arrest warrants from me," that he "filed for habeas corpus § 2241 to the Supreme Court to violate my Federal Probation," and filed several other lawsuits. (*Id*. at 4, citing D.S.C. Case Nos. 2:96-cv-3213 and 2:96-cv-3223). He contends that these cases were dismissed "secretly through Fraud, in an imaginary Fabricated Probation Revocation hearing without due process of law, or probable cause….and that the [defendant] lied stating I was doing (30) years in State prison, and they illegally ran my remaining 2.5 years with it …" (*Id*.). Plaintiff seeks $3 billion dollars in monetary damages and immediate release from prison.[2] Plaintiff further alleges that:

> It took me (10) years to find out they had kidnapped me without my knowledge after filing habeas corpus nunc pro tunc § 2255 in C/A #2:05-cv-1658-DCN, and Judge Norton …dismissed it and stole the warrant out of the records…On Nov. 21, 1996, ….State Judge Markley Dennis gave … an order … to have me in trial by Jan. 97… On Jan. 27, 1997 Judge

---

[1] Plaintiff's request for a three-judge court under 28 U.S.C. § 2284 is nonsensical. Such statute pertains to challenges to "the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." *Id*. To the extent Plaintiff refers to § 2282, such statute was repealed in 1976.

[2] Immediate release is not available as relief in a civil action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Plaintiff's habeas petition has previously been denied.

> Norton, and Judge Charles Whetstone … forged all the arrest warrants … and forced me through Force and Fear into the Mental Hospital … I then had found out that they had forged all the Arrest warrants, and changed and redated All of them even back dating one warrant for Robbery (20) years before the crime that never happen or ever existed…"

DE# 1 at 5). He alleges that Patricia Connor (Clerk of Court) sent his appeal to "the State Court of the Supreme Court of Virginia" to keep his appeals from "being reviewed on the merits." (*Id*.).

Plaintiff concludes by asking for release from prison, $3 billion dollars, "review under the False Claim Act 18 U.S.C.A. §§ 286, 287 Nunc pro tunc, and the U.S. Attorney to File my Application For an investigation For Independent Counsel Under the Ethics in Government Act." (DE# 1 at 6). He asks for counsel "to represent me in my suit Under the Unlawful Revocation Hearing" and alleges that he is entitled to "prosecution Criminally of All the defendants as well For Misprison of Felony, Racial terrorism under 18 § 1621." (*Id*.).

II. Relevant Law

  A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

B. The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See also McLean,* 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610.

While incarcerated, Plaintiff has filed many federal civil cases, which have been dismissed, including on grounds of immunity, failure to state a claim, and frivolousness. *See In re Brown*, 203 F.3d 819 (4th Cir. 1999); *Brown v. Miro*, Case No. 98-2315-DCN (D.S.C. Aug. 13, 1999), *aff'd*, 202 F.3d 257 (4th Cir. 1999); *Brown v. Captain Cox*, Case No.-98-2316-2-18-AJ (D.S.C. Aug. 27, 1999), *aff'd*, 202 F.3d 257 (4th Cir. 1999); *Brown v. Hodges*, Case No. 00-1804-3-18AJ (D.S.C. July 25, 2000), *aff'd*, 238 F.3d 410 (4th Cir. 2000), *cert. denied*, 532 U.S. 926 (2001); *Brown v. Warden, Kershaw Corr'l Institn.*, 293 F.App'x 985 (4th Cir. 2008); *Brown v. United States*, Case No. 2:14–cv–04340–DCN (D.S.C. Jan. 30, 2015), *aff'd*, 607 F.App'x 316 (4th Cir. 2015). Plaintiff has also filed numerous frivolous state cases, which led the South Carolina Supreme Court to impose a filing injunction on him on May 26, 2004 pursuant to *In re Maxton*, 325 S.C. 3, 5 (1996) (finding that the repetitive and frivolous nature of plaintiff's numerous filings "placed a substantial

enough burden on this Court's time and resources to warrant imposition of a filing fee for any future petitions of this type from petitioner").

Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

III. Discussion

A. Sovereign Immunity, FTCA, Frivolous, Failure to State a Claim

Plaintiff attempts to sue various federal defendants, including the United States, the US Probation Department, the US District Court, and the "US Appeal Court 4th Circuit." Under the principle of sovereign immunity, a plaintiff may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Global Mail Ltd. v. U.S. Postal Service*, 142 F.3d 208, 210 (4th Cir.1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). These federal entities are immune from suit, and therefore Plaintiff's claims against them lack any basis in law and are subject to summary dismissal as frivolous. *See e.g., Carter v. Ervin,* Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *5 (D.S.C. June 2, 2014) (dismissing suit against federal agency as frivolous), *appeal dism'd by* 585 F.App'x 98 (4th Cir. 2014).

Under specific and limited circumstances, an injured party may sue the United States under the Federal Tort Claims Act ("FTCA") for damages allegedly caused by a federal employee. See 28 U.S.C. § 1346(b)(1) (providing that federal courts have jurisdiction for civil claims for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be

liable to the claimant in accordance with the law of the place where the act or omission occurred"); *and see, e.g., Brunson v. FBI*, Case No. 3:08-2965-JFA-BM, 2008 WL 4511049, *2 (D.S.C. Oct. 6, 2008) (discussing FTCA requirements for suit). The United States is the only proper defendant in an FTCA action. *See Holmes v. Eddy*, 341 F.2d 477 (4th Cir.1965), *cert. denied*, 382 U.S. 892 (1965); *Griggs v. U.S. Dept. of Justice*, Case No. 0:13–608–MGL–PJG, 2013 WL 1857274 (D.S.C March 27, 2013), *adopted by* 2013 WL 1857273 (D.S.C. May 2, 2013).

Plaintiff repeatedly refers to the FTCA in his Complaint, however, his "factual" allegations are nonsensical, illogical, and conclusory. Plaintiff appears to be complaining of various judicial rulings. However, the fact that Plaintiff disagrees with a court ruling does not mean that there was a "personal injury" to him from a "negligent or wrongful act or omission" by any federal judge or other federal employee. Plaintiff's mischaracterization is unavailing. Plaintiff's allegation that various federal judges (and public defenders) purportedly "stole" arrest warrants in his previous state case is fanciful and provides no factual basis for any sort of FTCA claim. The Complaint fails to state a plausible claim for relief. In addition, the FTCA specifically provides that "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to—[a]ny claim arising out of false imprisonment, false arrest, [or] malicious prosecution." 28 U.S.C. § 2680(h). To the extent Plaintiff attempts to bring such claims under the FTCA in the present Complaint, his claims lack any basis in law and are frivolous.

Moreover, because the FTCA includes a limited waiver of the Government's sovereign immunity, the statute must be strictly construed and its requirements strictly met. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Welch v. United States*, 409 F.3d 646, 650–51 (4th Cir.2005), *cert. denied*, 546 U,S, 1214 (2006). The Complaint does not indicate that Plaintiff complied with any FTCA pre-suit requirements, such as the filing

Page **7** of **11**

and prosecution of administrative claims with the appropriate federal agencies before commencement of this civil action. See 28 U.S.C. § 2675 ("Disposition by federal agency as prerequisite"); 28 C.F.R. § 14.2 ("Administrative claim; when presented").

The United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2015) (citing *Iqbal*, 556 U.S. at 662). Although Plaintiff makes scattered references to assorted statutes and constitutional rights, his allegations are conclusory and unsupported by any coherent factual allegations. The Fourth Circuit Court of Appeals has repeatedly emphasized that a district court should not *sua sponte* develop claims not clearly raised in a complaint. *Gordon*, 574 F.2d at 1151; *Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir.1997), *cert. denied*, 522 U.S. 924 (1997). The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. The Complaint fails to state a plausible claim for relief against any of the ten defendants. Plaintiff's Complaint is subject to summary dismissal.

B.  Judicial and Quasi-Judicial Immunity

After Plaintiff was convicted of criminal charges in state court, he filed various habeas actions and related lawsuits. In the present action, Plaintiff complains about various rulings of federal judges and attempts to sue them and have them criminally investigated. It is well-settled that judges have absolute immunity from claims for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The actions that Plaintiff complains of were all "judicial actions" for which judges have absolute immunity. *See, e.g., Odom v. Haley,* Case No. 5:15–cv–01951–RMG–KDW,

2015 WL 3843321 (D.S.C. May 29, 2015) (a plaintiff cannot recover damages from judges based on performance of judicial-related duties), *adopted by* 2015 WL 3865814 (D.S.C. June 19, 2015), *affirmed as modified by* -- F.App'x --- (4th Cir. Dec. 30, 2015). Although Plaintiff is dissatisfied with the results of his past cases, judges are not deprived of absolute judicial immunity, even if their actions were made in error. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity is a protection from suit, not just from damages. *Mireless*, 502 U.S. at 11.

Although Plaintiff indicates he is filing this lawsuit under "Writ of Injunction," he does not appear to seek any injunctive relief. In any event, judges are also protected from claims for injunctive relief by § 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847 (1996), which bars injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity." No exception would apply.

To the extent Plaintiff complains about any ministerial acts by court personnel (such as the Clerk of Court or any probation officers), absolute judicial immunity extends "to persons other than a judge where performance of judicial acts or activity as an official aide of the judge is involved." *Baccus v. Wickensimer*, Case No. 9:13–cv–1977 DCN, 2013 WL 6019469, *4 (D.S.C. Nov. 13, 2013) (collecting cases, and recognizing applicability of judicial or quasi-judicial immunity for court personnel who carry out tasks for courts). Thus, any claims against the Clerk of Court and any probation officers are barred by absolute quasi-judicial immunity. "[T]he purpose of absolute quasi-judicial immunity for those who perform quasi-judicial functions is to protect their decision making function from being impeded by fear of litigation or personal monetary liability." (*Id*. at *2, *citing Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994) (extending absolute quasi-judicial immunity to persons "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune").

Plaintiff seeks to have the Defendants criminally investigated and prosecuted by this Court. This Court does not initiate investigations or prosecutions, as such discretion does not reside in the judicial branch. *See, e.g., Neal v. ORS*, Case No. 6:12–1995–TMC–KFM, 2012 WL 3765175, *2 (D.S.C. July 26, 2012), *adopted by* 2012 WL 3639721 (D.S.C. Aug. 23, 2012), *aff'd by* 509 F. App'x 280 (4th Cir. Feb. 13, 2013), *cert. denied,* 134 U.S. 102 (2013). The decision to prosecute, and what charges to bring, is a matter of the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Plaintiff also cannot have this court prosecute criminal charges because "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). To the extent Plaintiff's Complaint seeks criminal prosecution of the Defendants in this action, such allegations have no basis in law.

Plaintiff's Complaint (to the extent it can be deciphered) lacks any arguable basis either in law or in fact, and thus, is frivolous. *Neitzke*, 490 U.S. at 319; *Denton*, 504 U.S. at 31 (a finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact). Plaintiff's claims are therefore subject to summary dismissal. *See, e.g., Evans v. Allbrooks*, 1989 WL 100776, 884 F.2d 1388 (4th Cir. 1989) (affirming district court's summary dismissal of claims against judge as "wholly frivolous"); *Carter*, 2014 WL 2468351, *5 (finding that "even if the court were to construe Plaintiff's conclusory allegations as sufficient to confer subject matter jurisdiction…, [the] defendants would still be entitled to summary dismissal because Plaintiff's claims against them are legally frivolous"), *appeal dism'd by* 585 F.App'x 98 (4th Cir. 2014); *Edokobi v. Motz*, 2013 WL 6713290, *2 (D.Md. Dec.18, 2013) ("a complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit").

C. Conclusion

In conclusion, even with liberal construction, the Complaint is subject to summary dismissal on multiple grounds, including failure to state a plausible claim for relief, frivolousness, and absolute judicial and/or quasi-judicial immunity. Therefore, it is recommended that this Complaint be summarily dismissed with prejudice. Plaintiff is a prolific filer of repetitive lawsuits, and this Court has repeatedly explained to him why his claims are without merit. The deficiencies in Plaintiff's Complaint (e.g. suing parties who are immune from suit) cannot be remedied through more specific pleading. *See Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994) (indicating that dismissal with prejudice is appropriate where the Complaint's deficiencies cannot be remedied).

V. Recommendation

Accordingly, the Magistrate Judge recommends that the Complaint (DE#1) be **summarily dismissed** with prejudice; the Complaint attempts to sue parties who are immune, fails to state a claim for relief, and is frivolous factually and legally, and therefore, dismissal of this Complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 29, 2016
Charleston, South Carolina

Petitioner's attention is directed to the ***important notice*** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).