IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Curtis J. Brown, # 238979, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-4065-PMD-MGB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  This matter comes before the Court on Plaintiff's objections to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") that the Court dismiss Plaintiff's *pro se* complaint without prejudice and without service of process (ECF Nos. 21 & 18). For the reasons stated herein, the Court overrules Plaintiff's objections.

## **STANDARD OF REVIEW**

  The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

With one exception discussed below, Plaintiff's objections merely rehash his complaint's frivolous assertions. The Court declines to address those arguments, as they are not proper objections. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). In addition, the Court has considered the documents Plaintiff attached to his objections and finds that they are either irrelevant or do not contradict anything in the R & R.

The only true objection the Court can discern is Plaintiff's accusation that Magistrate Judge Baker "lied" by writing in the R & R that in one of Plaintiff's many prior lawsuits, he "filed for habeas corpus § 2241 to the Supreme Court to violate [Plaintiff's] Federal Probation." (R & R, ECF No. 18, at 2.) That sentence from the R & R is a quotation of Plaintiff's own

2

complaint. Although the R & R misquotes one word,[1] that clearly was inadvertent. The Court rejects Plaintiff's accusation that Magistrate Judge Baker has lied.

The Court has reviewed the remainder of the R & R. Seeing nothing clearly erroneous, the Court adopts the R & R, with the one substitution footnoted below.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that the complaint is **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

																							 _____
																							 PATRICK MICHAEL DUFFY
																							 United States District Judge

**March 21, 2016**
**Charleston, South Carolina**

---

1. In the complaint, Plaintiff wrote "District Court," not "Supreme Court." (Compl., ECF No. 1, at 4.) Thus, the Court replaces the word "Supreme" on page 2 of the R & R with "District."

3